**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| STEVE E. VOEGTLIN, | ) | |
| | ) | Case No. 11-243 |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S COMPLAINT AT |
| v. | ) | LAW AND DEMAND FOR JURY |
| | ) | TRIAL |
| IOWA INTERSTATE RAILROAD, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES the Plaintiff, STEVE E. VOEGTLIN, by and through his attorneys, and for his Complaint at Law against the Defendant, IOWA INTERSTATE RAILROAD, LTD. ("IAIS"), states as follows:

1. Jurisdiction of this court is invoked under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

2. The Defendant, IAIS, is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, and is subject to service of process and to the jurisdiction of this Court.

3. At the time of the occurrence and injury alleged herein, Plaintiff was employed by Defendant as a conductor, and his duties as such were in furtherance of interstate commerce for Defendant. At said time both Plaintiff and Defendant were subject to the Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §51-60 and amendments thereto.

4. That on or about June 23, 2008, at approximately 4:00 PM, Plaintiff was injured while working for Defendant at or near Des Moines, Iowa.

5. At said time and place, Defendant owned, and/or operated, and/or maintained and/or controlled a facility known as the Des Moines Yard which had an area known as the Cold Storage Stub track.

6. Pleading in the alternative, at said time and place, Defendant operated train crews and rail cars over tracks owned, and/or operated, and/or managed and/or maintained by another business entity known as the Cold Storage Stub track at, in or near the IAIS Des Moines yard.

7. In the scope and course of his duties as a conductor with Defendant, Plaintiff was switching cars on or about said track. To do so, Plaintiff was riding cars rolling into said track which were running towards cars which had been previously placed on the track. Intending to dismount the rolling cars before they struck and coupled onto the cars already in the track, Plaintiff dismounted the moving cars.

8. At said time and place, there was vegetation alongside the tracks where Plaintiff was going to dismount. As he dismounted said cars, Plaintiff stepped onto the vegetation.

9. The vegetation concealed uneven ground and debris and an old railroad bed.

10. Due to the uneven surface which was concealed by the vegetation, Plaintiff fell during the dismount and broke his ankle.

11. Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of Defendant's business, and it was its duty to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work and to use reasonably safe methods in its track and roadbed maintenance; to inspect the area where employees were required to walk; to remove debris, old roadbeds and level out walking surfaces or to require others who owned or maintained said property to do so; to warn Plaintiff to avert injury to him, even when Plaintiff's duties required him to be on property owned and operated by others; and to

forbid its employees to go on and about said tracks until the aforementioned, unsafe conditions were corrected.

12. Pleading in the alternative, should Defendant not own, operate or maintain said property, then Defendant's continued use of said property in its switching operations made the property "railroad property" for purposes of 49 C.F.R. §213.321.

13. Pleading in the alternative, should said property be owned, operated, managed and maintained by other business entities, Defendant's continued use of said property in its railroad operations and by its employees would impute the negligence of the owners, operators, managers and maintainers of said property to Defendant.

14. Defendant, at said time and place, notwithstanding its duties to Plaintiff, was careless and negligent in one or more of the following particulars, and thereby caused injury to Plaintiff:

    a. In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work;

    b. In failing to adopt, install, implement and enforce a safe method and procedure for the periodic inspection of employee work areas;

    c. In failing to adopt, install, implement and enforce a safe method and procedure for maintenance of the area described;

    d. In failing to prohibit its employees from switching on said track when it was unsafe for them to do so;

    e. In failing to properly warn Plaintiff that there was concealed debris and unlevel terrain in his work area;

      f.      In failing to remove the vegetation, debris and/or level the terrain that Plaintiff stepped into;

      g.      Violated 49 C.F.R. §213.321 which provided "vegetation on railroad property which is or immediately adjacent to roadbed shall be controlled so that it does not – (c) interfere with railroad employees from performing normal trackside duties; and

      h.      In the alternative, should said track be owned by other entities, failing to require the entities that owned and maintained said area to remove the debris, vegetation and/or level out the terrain.

15. The Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law resulting in whole or in part from the careless and negligent acts and omissions of Defendant.

WHEREFORE, Plaintiff asks for judgment against Defendant in the amount of $3,000,000.00, and therefore brings this suit.

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted by:        CRAWFORD QUILTY & MAURO LAW FIRM

_____
Nick Mauro          AT0005007
1701 Ruan Center, 666 Grand Avenue
Des Moines, IA  50309
(515) 245-5420
(515) 245-5421 (FAX)
mauro@crawfordlawfirm.com


Of Counsel:

Richard A. Haydu
HOEY & FARINA
542 S. Dearborn Street
Suite 200
Chicago, IL 60605
(312) 939-1212
rhaydu@hoeyfarina.com
*Pro Hac Vice – application to be submitted*